UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

SEVENTEENTH AVENUE YBOR
CITY, LLC,

    Plaintiff,

v.

BEAZLEY INSURANCE COMPANY,
INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, defendant Beazley Insurance Company, Inc. ("Beazley") hereby removes this action from the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, where the action is now pending, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

## BACKGROUND

1. On or about July 15, 2010, plaintiff Seventeenth Avenue Ybor City, LLC ("Plaintiff") filed a Complaint in the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, entitled *Seventeenth Avenue Ybor City, LLC v. Beazley Insurance Company, Inc., et al.*, Case No. 2010-CA-830-K (hereinafter referred to as the "Circuit Court Action"). The complaint contains a single cause of action for breach of contract, and expressly claims damages in the principal amount of $1,203,000.00. Complaint and Demand for Jury Trial ("Complaint") at ¶ 19. In compliance with 28 U.S.C. § 1446(a), a true and complete copy of

{M2955139;2}

Plaintiff's Complaint, replete with exhibits, is attached hereto as Exhibit **A**. No other pleadings or papers have been filed in the above-referenced state court action.

2.     The Circuit Court Action was served on the Chief Financial Officer of the State of Florida on July 12, 2010 and was forwarded by electronic delivery to Beazley on July 15, 2010. True and correct copies of the Notice of Service of Process and Summons are attached hereto as Exhibit **B**.

3.     Plaintiff is a Florida limited liability company with two members, both of whom are Florida residents. *See* Complaint at ¶ 2. A true and correct copy of the 2010 Limited Liability Company Annual Report for Plaintiff is attached hereto as Exhibit **C** (identifying Plaintiff's members as Thomas J. Sireci, Jr. and Matthew R. Sireci, both residents of Key West, Florida).

4.     Beazley is a corporation authorized and existing under the laws of, and with its principal place of business in, the State of Connecticut. *See* Declaration of Larry A. Borda at ¶ 3, a true and correct copy of which is attached hereto as Exhibit **D**.

5.     Beazley files herewith the Civil Cover Sheet and has made payment of the required filing fee. No previous application for the relief sought through this Notice has been made to this or any other court.

6.     Upon the filing of this Notice of Removal, written notice of the filing will be given to the Plaintiff's attorneys, as provided by law, and copies of this Notice will be filed with the Clerk of the Circuit Court, Sixteenth Judicial Circuit in and for Monroe County, Florida, pursuant to 28 U.S.C. § 1446.

## JURISDICTIONAL BASIS

A state court action may be removed if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). *See also Darden v. Ford Consumer Fin. Co., Inc.,*

200 F.3d 753, 755 (11th Cir. 2000).  Pursuant to 28 U.S.C. § 1332(a), the federal district courts shall have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000.00.  *See Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).   In the instant case, both requirements for diversity jurisdiction are met.

      **A.**    **The Complete Diversity Requirement is Satisfied.**

As set forth above, Plaintiff is a Florida limited liability company with each of its members residing in Florida.  "A limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Beazley is a Connecticut corporation with its principal place of business in Connecticut.  Therefore, complete diversity exists.

      **B.**    **The Amount in Controversy Exceeds the Minimum Requirement for Federal Court Jurisdiction.**

The Eleventh Circuit has explained the approach a district court should take in evaluating the amount in controversy in a case that has been removed from state court.  "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)  Here, Plaintiff explicitly claims damages in the amount of $1,203,000.00 "plus interest pursuant to Florida Statute § 55.03." Complaint at ¶ 19.  Therefore, the amount in controversy clearly exceeds $75,000.00 and the second requirement for diversity jurisdiction is met.

      **C.**    **Beazley Has Complied With Removal Procedures.**

Beazley was served by electronic delivery from the Chief Financial Officer of the State of Florida, who accepted service on July 12, 2010.  As a result, this removal is timely because it is filed within thirty days after Beazley's receipt of Plaintiff's Complaint.  *See* 28 U.S.C. § 1446(b). Beazley is giving written notice of the filing of this notice as required by 28 U.S.C. § 1446(d) by

simultaneously filing a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida.  Venue for removal purposes is proper in this District under 28 U.S.C. § 1441(a), because this District embraces the Circuit Court of the Sixteenth Judicial District in and for Monroe County, Florida, the forum in which the removed action was pending.

**WHEREFORE**, for the foregoing reasons, defendant Beazley Insurance Company, Inc. requests that this cause proceed in its entirety in this Court.

Respectfully submitted,

Dated: July 30, 2010

s/Ryan Roman
Robert I. Chaskes, Esquire
Florida Bar Number: 0102271
Ryan Roman, Esquire
Florida Bar Number: 0025509
**AKERMAN SENTERFITT**
SunTrust International Center
One Southeast Third Avenue, 25th Floor
Miami, Florida  33131-1714
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095
Email:  Robert.Chaskes@Akerman.com
Email:  Ryan.Roman@Akerman.com

*Attorneys for Defendant Beazley Insurance Company, Inc.*

**OF COUNSEL:**

Eugene J. Comey (*pro hac vice* to be filed)
Suzanne Rigby (*pro hac vice* to be filed)
**COMEY RIGBY, P.C.**
1101 30th Street, NW, Suite 220
Washington, DC  20007-3769
Telephone:  (202) 625-1200
Facsimile:   (202) 625-1230
Email:  comey@comeyrigby.com
Email:  rigby@comeyrigby.com

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on July 30, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                       s/Ryan Roman_____
                                                        Ryan Roman

**SERVICE LIST**

Richard G. Rumrell, Esquire
**RUMRELL, COSTABEL, WARRINGTON & BROCK, LLP**
9995 Gate Parkway North, Suite 190
Jacksonville, FL 32246
Telephone: (904) 996-1100
Facsimile: (904) 996-1120
Email: rumrell@rumrelllaw.com

*Attorneys for Plaintiff Seventeenth Avenue Ybor City, LLC*
*(via U.S. mail)*

Robert I. Chaskes, Esquire
Ryan Roman, Esquire
**AKERMAN SENTERFITT**
SunTrust International Center
One Southeast Third Avenue, 25th Floor
Miami, Florida  33131-1714
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095
Email:  Robert.Chaskes@Akerman.com
Email:  Ryan.Roman@Akerman.com

Eugene J. Comey, Esquire
Suzanne Rigby, Esquire
**COMEY RIGBY, P.C.**
1101 30th Street, NW, Suite 220
Washington, DC  20007-3769
Telephone:    (202) 625-1200
Facsimile:    (202) 625-1230
Email:        comey@comeyrigby.com
Email:        rigby@comeyrigby.com

*Attorneys for Defendant Beazley Insurance Company, Inc.*